RENDERED: JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0959-MR

CALEB L. RICE                                                                    APPELLANT

APPEAL FROM FULTON CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 21-CR-00025

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND KAREM, JUDGES.

GOODWINE, JUDGE:  Caleb L. Rice ("Rice") appeals from an order of the

Fulton Circuit Court revoking his probation.  After careful review, finding no error,

we affirm.

Rice appeals the circuit court's order revoking his probation in 21-

CR-00025, but the circuit court revoked probation in two cases.  On September 24,

2021, in 20-CR-00021, Rice pled guilty to convicted felon in possession of a

firearm, first-degree possession of a controlled substance (methamphetamine), and

possession of drug paraphernalia. Rice was sentenced to a total of eight years imprisonment probated for five years. On September 27, 2021, in 21-CR-00025, Rice pled guilty to possession of a firearm by a convicted felon, first-degree possession of a controlled substance (methamphetamine), two counts of theft by unlawful taking, first-degree criminal trespass, and first-degree criminal mischief. Rice was sentenced to a total of ten years' imprisonment, probated for ten years.

On April 11, 2022, the Commonwealth filed a violation of supervision report, and the circuit court issued a bench warrant for Rice's arrest. On May 26, 2022, the circuit court held a probation revocation hearing. Probation and Parole Officer Eric Meshew testified that he supervised Rice on both cases. On March 21, 2022, Rice's house was searched. Rice was not present, but his brother and girlfriend were there during the search. Officer Meshew testified the following items were found during the search: a gun by the back door of a utility room, alcohol in the freezer, methamphetamine and drug paraphernalia in a bedroom, and stolen property. Rice's brother claimed responsibility for the stolen items, but Meshew thought Rice's brother was in jail when the items were stolen.

Officer Meshew testified Rice contacted him on March 23, 2022, and told him he would turn himself in on March 30, 2022, after completing a construction job. Rice did not report and did not turn himself in on a new felony

warrant on March 30, 2022. Rice was later arrested in April when he was found in the attic of his home.

Rice also testified during the hearing. Rice said he was at work when his house was searched. He testified he shared his home with his girlfriend, his brother, his brother's girlfriend, a friend, and his friend's girlfriend. Rice said he did not know there was a gun or ammunition at his house.

Rice's counsel asked the circuit court to consider alternatives to revocation. Counsel argued Rice was working a construction job to pay his expenses, and he was unaware of the illegal items found in his home. Counsel noted a bed would be available at a drug rehabilitation facility on June 1, 2022.

The circuit court revoked Rice's probation finding "you can't supervise someone you can't find" and "he has a new felony charge pending including possession of a firearm by a convicted felon. As far as I'm concerned, that's a propensity to violence." Video Record ("VR") 5/26/22 at 10:48:16-10:48:27. Rice did not object to Officer Meshew's testimony nor the circuit court's oral findings during the revocation hearing.

On May 31, 2022, the circuit court entered a written order finding revocation was appropriate based on the same findings. The sentences in each case ran consecutively, so Rice was sentenced to a total of eighteen years' imprisonment. This appeal from No. 21-CR-00025 only followed.

-3-

On appeal, Rice argues the circuit court abused its discretion in revoking his probation because it failed to explain how allegations of possession of a firearm made him a significant risk to the community at large. We review a "decision to revoke probation . . . for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Kentucky Revised Statute ("KRS") 439.3106 provides the criteria for revoking probation:

> (1) Supervised individuals shall be subject to:
>
> > (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
> >
> > (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

-4-

*Bagby v. Commonwealth*, No. 2019-CA-001689-MR, 2020 WL 5268056, at *1 (Ky. App. Sep. 4, 2020).

"KRS 439.3106(1) requires trial courts to find that the probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community, and that the probationer cannot be managed in the community before probation may be revoked." *Andrews*, 448 S.W.3d at 781. Trial courts may not "perfunctorily recit[e] the statutory language in KRS 439.3106 . . . . There must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Helms v. Commonwealth*, 475 S.W.3d 637, 645 (Ky. App. 2015).

Here, the circuit court made both oral and written findings explaining how Rice violated his probation. During the hearing, the circuit court orally found Rice:

> violated the terms and conditions of his probation. He has new felony charges pending which include [persistent felony offendor] PFO 1, possession of meth, receiving stolen property, possession of firearm by a convicted felon among others. Failure to report. Absconding, you can't supervise somebody you can't find. Alternative sanctions are not appropriate. Defendant shows a propensity to violence. He has a new felony charge of possession of a firearm of a convicted felon. As far as I'm concerned, that's a propensity to violence. . . . Make the same findings in both cases.

-5-

VR 5/26/22 at 10:48:04-10:48:34.

The circuit court entered a form order with factual findings written in. The circuit court found alternative sanctions were not appropriate because Rice "demonstrated violence by new felony charge of possession of a firearm by convicted felon." Record ("R.") at 78. The court further found alternative sanctions were not applicable because Rice had "already had lesser restrictions imposed than imprisonment" and you "cannot supervise someone you cannot find." R. at 79. Additionally, the circuit court found:

> The Court having considered all relevant facts in this case and finding that there is no alternative to revocation that would adequately address the violations of the Defendant to the terms and conditions of his/her probation order and the Defendants violations constitute a significant risk to the community at large and the Defendant cannot be managed in the community.

KRS 439.3106 and case law do not require circuit courts to explain how probation violations constitute a community risk, and Rice did not request additional findings. Instead, the law requires proof from the record established by a preponderance of the evidence that he violated the terms of his release and met the statutory criteria for revocation. *Helms*, 475 S.W.3d at 645. The court's findings were not merely a perfunctory recitation of the language in KRS 439.3106 and included the required findings.

However, we caution the circuit to use precise statutory language in conjunction with its factual findings in the future. In the portions of the order explaining the circuit court's factual findings, the court used different language than the language in the statute. Instead of stating Rice's violation "constitutes a significant risk to . . . the community at large" as in KRS 439.3106, the circuit court stated Rice "demonstrated violence." R. at 78. Instead of stating Rice "cannot be appropriately managed in the community" as in KRS 439.3106, the circuit court stated, "[a]lternative sanctions are not applicable because the Defendant has already had lesser restrictions than imprisonment by . . . cannot supervise someone you cannot find . . ." and he had new pending charges. R. at 79.

Despite using imprecise language, the circuit court's factual findings written into the order comport with the statutory criteria, and the statutory criteria are stated later in the order. A new felon in possession of a handgun charge constitutes a significant risk to the community, despite Rice's argument to the contrary. Rice absconded, and the circuit court stated that someone who cannot be found could not be supervised, which satisfies the requirement that Rice cannot be appropriately managed in the community. Again, we caution the circuit court that citing the statutory criteria under KRS 439.3106 in conjunction with its factual findings in its revocation orders is a better practice.

For the foregoing reasons, we affirm the order of the Fulton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky